## WIGGINS v. NEVERSINK LIGHT & POWER CO.

(Supreme Court, Special Term, Orange County. May, 1905.)

RECEIVERS—OPERATION OF PLANT—ISSUANCE OF CERTIFICATES—PRIORITY OF MORTGAGE.

Where a corporation is not engaged in any public service which cannot be interrupted without inconvenience and harm to the community, a court will not authorize the receiver appointed in foreclosure proceedings to issue certificates of indebtedness to raise money to put its plant in a condition to run, and make such certificates prior in lien to the mortgage.

Action to foreclose a mortgage by Henry W. Wiggins, as trustee, against the Neversink Light & Power Company. Motion by the receiver for leave to issue certificates of indebtedness to raise money to put defendant's plant in a condition to run, and to make such certificates a lien prior to the mortgage. Denied.

The defendant company is not engaged in any public service of lighting, but only sells electricity to other companies.

W. B. Royce, for the motion.

Hornblower, Byrne, Miller & Potter, opposed.

GAYNOR, J. In the case of corporations engaged in a public service, like railroad, water and lighting companies, and which service cannot be interrupted without inconvenience and harm to the community, courts of equity authorize its receivers of such corporations to issue certificates of indebtedness to raise money to do repairs or obtain supplies to keep the service going, and make such certificates prior liens to the mortgage indebtedness.

But in the case of corporations not engaged in such a service, there is no such practice. It is justified only on the score of public necessity, and even when so exercised has become a great abuse and wrong to mortgage bondholders in many instances, as we all know. In the time at my disposal I cannot cite or discuss the authorities.

The motion is denied.